UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.  Case No. 8:05-CR-144-T-27TGW

**SARAH JACKSON**

_____/

ORDER

**BEFORE THE COURT** is Defendant's *pro se* motion for reduction of sentence pursuant to USSG Amendment 706. (Dkt. 126). The United States Sentencing Commission promulgated Amendment 706 lowering the base offense level for cocaine base (crack cocaine) offenses by two levels for eligible defendants sentenced on or after November 1, 2007. The Commission later decided this Amendment should be applied retroactively to defendants sentenced before November 1, 2007. The Federal Public Defender was appointed to represent Defendant. Pursuant to the Court's Order of March 31, 2008, the Government and Federal Public Defender's Office briefed Defendant's eligibility for a sentence reduction pursuant to Amendment 706. (Dkts. 133, 134). Upon consideration, the Court concludes that Amendment 706 does not affect Defendant's guideline range because she was subject to a statutory minimum mandatory sentence and therefore she is not entitled to a sentence reduction. Defendant's motion (Dkt. 126) is **DENIED.**

Pursuant to a Plea Agreement, Defendant pleaded guilty to conspiracy to possess with the intent to distribute 50 grams or more of cocaine base (Count Three of the Indictment). (Dkts. 41, 44). Based on a Total Offense Level of 25 and a Criminal History Category II, Defendant's presumptive guideline range would have been 68 to 78 months. However, the offense of conviction

carried a minimum mandatory term of imprisonment of 120 months. 21 U.S.C. §841(b)(1)(A). Accordingly, 120 months became Defendant's guideline sentence. USSG § 5G1.1(b).

Pursuant to 18 U.S.C. § 3582(c)(2), a sentence may be adjusted when a defendant's sentencing guideline range is subsequently lowered as a result of an amendment to the Guidelines Manual. USSG § 1B1.10(a)(1). For eligible defendants convicted of cocaine base offenses, Amendment 706 has the effect of lowering the base offense level by two levels. The procedure for implementing the amendment is established in USSG § 1 B1.10(b), which instructs that the district court "shall" determine the "amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time of sentencing." The first step, therefore, in determining Defendant's eligibility for the two level adjustment, is to determine what effect Amendment 706 would have on Defendant's sentencing guideline range, if it had been in effect at the time of her sentencing.

Defendant was subject to a statutory minimum mandatory term of 120 months. That term became Defendant's "guideline sentence." USSG § 5G1.1(b). Amendment 706, even if it had been in effect the time of Defendant's sentencing, would not therefore have lowered her "sentencing guideline range." Accordingly, § 3582(c) does not authorize a reduction in her sentence. "A reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment." USSG § 1B1.10, comment. (n.1(A)); *see United States v. Eggersdorf,* 126 F.3d 1318, 1321 (11th Cir. 1997), *cert. denied,* 523 U.S. 1013 (1998); *United States v. Dimeo,* 28 F.3d 240 (1st Cir. 1994); *United States v. Williams,* 103 F.3d 57 (8th Cir. 1996); *United States v. Johnson,* 517 F.3d 1020 (8th Cir. 2008); *United States v. Goodman,* 2008 WL 616100 (M.D. Fla. 2008).

At sentencing, the Court granted the Government's substantial assistance motion pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e), departing downward three levels. Defendant contends that by virtue of the substantial assistance motion, the statutory minimum mandatory penalty was "waived" or "dispensed with" and the otherwise applicable guideline range "became relevant again." (Dkt. 134, p. 11-12).[1] Defendant urges that she is thereby eligible for the two level reduction from her "pre-departure guideline range" of 63 to 78 months, based on an Offense Level 25, Criminal History Category II, and a comparable three level departure based on her substantial assistance.

The flaw in Defendant's argument is two-fold. First, because she was subject to the statutory minimum mandatory 120 month sentence, that term became her guideline sentence pursuant to USSG § 5G1.1(b). Her otherwise applicable guideline range guideline was never relevant and therefore could not have become "relevant again" after the Government's § 5K1.1/§3553(e) substantial assistance motion was granted, as Defendant contends. Indeed, the starting point for a § 5K1.1 departure is the statutory minimum mandatory term of 120 months, not the otherwise applicable guideline range. *United States v. Head*, 178 F.3d at 1207-08.[2]

Second, Defendant's argument is inconsistent with the order in which the Guideline Manual's Chapters and parts are to be applied. A substantial assistance departure occurs only after the Court determines the applicable guideline range, which in Defendant's case, was the statutory minimum mandatory 120 month sentence. USSG § 5G1.1(b):

---

[1] See USSG § 2D1.1, App. Note 7; *United States v. Head*, 178 F.3d 1205, 1208 (11th Cir. 1999) ("Although note 7 refers to downward departures for defendants' substantial assistance, it provides no direction for choosing the starting point from which the sentencing court must depart. Instead, note 7 observes that in some cases involving a statutory minimum sentence, the court may waive that minimum sentence and impose a sentence below the statutory minimum.")

[2] Pursuant to *United States v. Head*, it appears that Defendant's departure starting point should have been Offense Level 30, rather than 25.

> The district court's authority to depart downward for substantial assistance appears in section 5 K1.1 and represents one of the last steps the court must take in imposing a sentence. See U.S.S.G. § 1B1.1 (directing the court to consider Parts H and K of Chapter 5 as the final step in applying the Guidelines). *Of particular significance, the Guidelines do not contemplate a downward departure for substantial assistance until after the court applies section 5G1.1(b), which establishes that the applicable guideline sentence shall be the mandatory minimum sentence.* Applying the Guidelines in order, therefore, produces a *pre-departure guideline sentence of 120 months* in Head's case. As a result, the district court's decision to use 120 months as the starting point for its downward departure did not transgress section 3553(e)'s direction to make departure decisions in accordance with the applicable guidelines.

*United States v Head* 178 F.3d at 1208 (emphasis added).

As a practical matter, Defendant's presumptive guideline range never came into play, before or after the § 5 K1.1 substantial assistance departure. Her "guideline sentence" was not the range determined by her offense level and criminal history but rather the 120 month minimum mandatory sentence she was subject to. *See United States v. Cordero,* 313 F.3d 161, 165 (3d Cir. 2002) ("Therefore, Cordero's "guideline sentence" was not the range determined by his offense level and criminal history category at all. Rather, it was the 120 month period of imprisonment required under § 841(b)(1) because of his guilty plea to cocaine distribution."). To the extent Defendant argues, and the cases she relies on suggest, that the retroactive amendment can be applied notwithstanding the applicability of the statutory minimum mandatory sentence, that argument is contrary to USSG § 1B1.10, comment. (n.1(A)): "A reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment."[3]

---

[3] At least two district courts have ruled similarly. *United States v. Rivera-Crespo,* __ F. Supp. 2d __, 2008 WL 1700407 (E.D. Pa. April 11, 2008); *United States v. Thomas,* 2008 WL 625019 (N.D. N.Y. March 3, 2008)

Defendant's sentence was not "based on" a guideline sentencing range which was subsequently lowered by Amendment 706. Her sentence was based on a statutory mandated term of imprisonment. The only statutory authority for sentencing Defendant below that 120 month minimum mandatory term was 18 U.S.C. § 3553(e), implicated by the Government's substantial assistance motion. Defendant's reliance on the "rule of lenity" is unpersuasive. Section 3582(c)(2) is not ambiguous so as to justify application of the "rule of lenity." *See Muscarello v. United States*, 524 U.S. 125, 139 (1998)("To invoke the rule, we must conclude that there is a 'grievous ambiguity or uncertainty' in the statute.")(citation omitted). Therefore, it is

**ORDERED AND ADJUDGED** that Defendant's *pro se* motion for reduction of sentence (Dkt. 126) is DENIED.

**DONE AND ORDERED** in chambers this 23rd day of April, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Defendant
Office of the Federal Public Defender
Office of the United States Attorney
U.S. Probation Office